THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Email; cameron@sehatlaw.com

Attorney for Plaintiffs, S.V., a minor, by and through her guardian ad litem Elba Cervantes,, Noemi Bravo, erroneously indicated as "Naomi" Bravo, and EstebanViramontes.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.V., A Minor, Individually, And As Personal Representative Of The Estate Of Cristian Viramontes, By And Through Her Guardian Ad Litem, Elba Cervantes; Naomi Bravo, Individually, Esteban Viramontes, individually<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, a Governmental Agency; et al.<br><br>Defendants. | Case No.: 5:23-cv-00860-SSS-KK<br><br>*[Honorable Sunshine Sykes]*<br><br>**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF S.V.: DECLARATION OF CAMERON SEHAT AND ELBA CERVANTES IN SUPPORT THEREOF** |

1

**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF S.V.: DECLARATION OF CAMERON SEHAT AND ELBA CERVANTES IN SUPPORT THEREOF**

PLEASE TAKE NOTICE that Plaintiff S.V. by and through her guardian *ad litem*, Elba Cervantes, will MOVE THIS Court by way of this *Ex Parte* Application for Approval of Compromise ("Application") and does petition this Court for an order approving of a compromise of the above-noted action as against Defendants County Of Riverside, and as part of this petition, Elba Cervantes further requests this Court approve the distribution of the settlement funds under the proposed disbursement and proposed annuities plan, reimbursements of costs to his attorney, and payment of attorney's fees pursuant to a contingency-fee agreement with his counsel. Plaintiff S.V. and his guardian ad litem makes this Application pursuant to Central District Local Rule 7-19 The grounds for this Application are set forth in the Memorandum of Points and Authorities as set forth below, the Declaration of Cameron Sehat ("Sehat Decl."), which is filed concurrently herewith.

Prior to filing this *Ex Parte* application, Plaintiff S.V.'s counsel contacted Defendants' counsel to confirm that Defendants will not be opposing the instant Application. Defendants are represented by counsel Eugene Ramirez, Craig Smith and Deann Rivard from Manning and Kass, located at 801 S. Figueroa St., 15th Floor, Los Angeles, CA 90017; email: deann.rivard@manningkass.com, eugene.ramirez@manningkass.com, craig.smith@manningkass.com ; Defendants and their counsel do not oppose the filing of this Application on an ex parte basis. Sehat Decl. at ¶3.

The Application seeks approval of the compromise of Plaintiff's claims on an ex parte basis because S.V.'s guardian *ad litem*, after conferring with an annuity broker, vetting insurance companies, and reviewing proposed annuity plans, has chosen an annuity with a time sensitive interest rate which will likely expire if this petition is heard on a regularly noticed motion. Filing this Application as a regularly noticed motion may cause a decrease in payment benefits to S.V.. Sehat Decl. ¶4.

**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF S.V.: DECLARATION OF CAMERON SEHAT AND ELBA CERVANTES IN SUPPORT THEREOF**

Therefore, Petitioner Elba Cervantes as guardian *ad litem* respectfully request this application be approved on an *ex parte* basis. The grounds for this Motion are set forth in the Memorandum of Points and Authorities, which follows below, the Petitioner's verification and endorsement, the Declaration of Cameron Sehat ("Sehat Decl.") which is submitted concurrently herewith, exhibits to the declaration, the proposed order filed concurrently herewith, and pleadings and other papers on file in this action, and all other matters of which the Court may take judicial notice.

Dated: February 13, 2024			THE SEHAT LAW FIRM, PLC

				*/s/ Cameron Sehat*
				Attorney for Plaintiffs

**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF S.V.: DECLARATION OF CAMERON SEHAT AND ELBA CERVANTES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff S.V. ., by and through his guardian Ad Litem, Elba Cervantes, individually, hereby submits this application and proposed order for approval of the compromise of the claims of a minor, and requests that this Honorable Court approve of the proposed distribution of Plaintiffs' settlement funds. The instant claims of Plaintiff S.V. arose out of the encounter with Defendants County of Riverside, Deputy Duncan, Correctional Corporal Craig Harris, Correctional Deputy William Robinson, Correctional Deputy Jason Nguyen, Correctional Deputy Miranda, Julie Cox, Najia Ougzin-Mcilvoy, Jocelyn Mendoza Cid, Dr. Thomas Mcnahan, M.D. on February 5, 2023. After engaging in extensive material discovery including depositions of defendants' witnesses and a county medical examiner, the parties agreed to settle the above-referenced case as to all claims and parties at a mediation on January 10th, 2024.

The instant claims of Plaintiff S.V. arose out of incarceration related medical distress and opiate withdrawal symptoms from February 3rd to February 5th 2023. Plaintiff, by and through his guardian *ad litem*, Elba Cervantes is bringing this action. After a mediation conducted by Richard Copeland on January 10t$^{h}$, 2024, the parties agreed to settle the above referenced case as to all claims and parties. The settlement is planned to submitted for approval by the County Claims Board once the appropriate release agreement are entered into and the court approves the instant application. The settlement agreement obligates Defendants to pay Plaintiffs and their attorney of records a total sum of $3,300,000.00 .

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is

4

**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF S.V.: DECLARATION OF CAMERON SEHAT AND ELBA CERVANTES IN SUPPORT THEREOF**

unrepresented in an action." Fed. R. Civ. P. 17(c).

    Although the district court has a special duty to safeguard the interests of minor plaintiffs [and incompetent adults], that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed. *Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

Insofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." C.D. Cal. L.R. 17-1.3 James by and through Reyes v. Valenzuela (USDC, C.D> Cal, April 21, 201; 2021 WL 1564456)

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952."

Pursuant to the above California rules, the Petition of Elba Cervantes, guardian *ad litem* of S.V. , respectfully makes the following disclosures:

1. The petitioner is Elba Cervantes, mother and guardian *ad litem* for S.V.. Plaintiff is represented by the Sehat Law Firm, PLC.

2. Plaintiff S.V. is a minor and was born on November 8, 2014. Petitioner, is the biological mother to S.V.. Petitioner asserts no interest nor claims into Plaintiff's case and is strictly upholding her guardian *ad litem* responsibilities.

3. Residence of Petitioner: 10685 Trinidad Rd., Phelan, CA 92371

4. Petitioner is the mother and legal guardian of S.V.

5. Date of Incident: February 5, 2023.

6. Place of Incident: Robert Presley Detention Center, Riverside, CA

7. An action has been filed on this claim which is presently at issue.

8. The nature of the Plaintiff S.V.'s claims in this lawsuit is set forth in the operative First Amended Complaint and consist of (1) the injuries suffered by decedent for which Plaintiff S.V. can recover as a successor-in-interest, and (2) Plaintiff S.V.'s individual loss of Cristian Viramontes's comfort, care, companionship, training, support, and guidance. (Sehat Decl. at ¶12)

9. Medical treatment and medical billing are not relevant as Plaintiff S.V. has not received any medical treatment in connection with this case.

10. This Application was prepared by Cameron Sehat, representing S.V. a minor by and through his guardian *ad litem*, Elba Cervantes.

11. In light of the disputed liability, Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to said incident, the responsibility therefore, and the nature, extent and seriousness of the circumstances leading up and including the death of Cristian Viramontes. Petitioner fully understand that if the compromise herein proposed is approved by the Court and is consummated, S.V. will be forever barred and prevented from seeking any further recovery of compensation even though said injuries might in the future prove to be more serious than they are now thought to be.

12. Petitioner hereby recommends this compromise settlement to the Court as being fair, reasonable and in the best interests of S.V.

13. Petitioner recommends the compromise settlement to the court as being fair, reasonable, and in the best interest of the Plaintiff and requests that the court

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF S.V.: DECLARATION OF CAMERON SEHAT AND ELBA CERVANTES IN SUPPORT THEREOF

approve this compromise settlement and make such other and further orders as may just and reasonable

14. The following items of expense have been incurred or paid, are reasonable, resulted from said incident, and should be paid out of the proceeds of the settlement to Mr. Garcia, to wit: $10,400.

> United States District Court - Central District Filing Fees: . . . . . . . . . .. . . . $402
> Service of Process fees ……………………………..…………… ..$189.80
> Court Reporter fees for depositions- EMT Paramedic R. Faraclays . . . .. $1,010.05
> Court Reporter fees for depositions- Coroner Dep. J. Howarth.. . . . . . . . .$1,193.65
> Court Reporter fees for depositions- Medical Examiner Dr. Morhaime .$1,637.40
> Audio transcription fees…………………………………………………..$465.87
> Medical records, investigative file copy charges ……………………... $428.59
> Correct. Medicine Expt., Witness Consultation -Ryan Herrington, M.D.. $3,200
> Mediation Fees with Richard Copeland………………………………..$1,875

15. Total of allowances of costs $10,400[1] to be deducted from the gross settlement proceeds, in a prorate share from each respective client's settlement share.

16. Under the existing retainer agreement, Plaintiff's attorney is due a forty (40) percent attorney recovery fee, plus reimbursement of advanced litigation costs. These are the amounts that the Sehat Law Firm, PLC would be due under the existing contingency fee retainer agreement. The case involved a substantial amount of risk. If Plaintiff had prevailed at trial, statutory attorneys fees due to Plaintiff's attorney under the retainer would have exceeded the current contingency fee agreement. If the Sehat Law firm, PLC is not awarded its full compensatory fee, it would not be able to take on these cases. Neither would plaintiff similarly situated as S.V., Noemi Bravo and Esteban Viramontes be able to attract adept counsel who could achieve similar results. Thus, the contingency

---

[1] Actual cost of $10,402.36 is rounded down to $10,400 to avoid decimals and simplify the math and division when factoring each pro-rata client share of the total cost allocation

**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF S.V.: DECLARATION OF CAMERON SEHAT AND ELBA CERVANTES IN SUPPORT THEREOF**

fee requested is commensurate with Plaintiff's counsel's ability and experience, and the time required to actively litigate the case. Plaintiff's attorneys have spent a substantial amount of time engaging in investigation, discovery, interviewing witnesses, consulting with experts witnesses, advising and making recommendation of criminal charges to the Riverside County District Attorney's office, and looking for third party medical witness in support of its case. The discovery included extensive hours preparing a discovery plan, preparing for depositions and taking of key preliminary depositions including a medical examiner and first responder whose testimony shed light as to the merits of the case, and preparation and attendance of mediation. Plaintiff's counsel is deserving of the requested 40 percent attorney recovery fee in this case for the aforesaid reasons.

17. The total settlement that Defendants agree to pay is $3,300,000. It is requested that out of the gross settlement funds $1,864,500 (approximately 56.5%) will go to S.V. , $1,320,000 will go to Noemi Bravo and $115,500 to Esteban Viramontes under a separate agreement (approximately 43.5% in the aggregate)

18. Plaintiff S.V.'s attorneys are requesting a contingency fee of 40 percent of the $1,864,500 in gross settlement proceeds allocated to Plaintiff S.V. The contingency fee agreement between Plaintiffs and their Attorneys provided for a 40 percent contingency fee. (Sehat Decl. at ¶6)

19. According to the above percentage split, a corresponding pro-rata reimbursement of litigation costs of $10,400 would result into a deduction of 56.5% or $5,876 from S.V.'s gross settlement proceeds.

20. Accordingly, S.V.'s net settlement disbursement after contingency fee and pro-rata costs deduction is $1,112,824.00 and is be disbursed to the Plaintiff, through her guardian *ad litem*, and to fund a structured settlement annuities. As part of the selected structured settlement "*Individually Designed Proposal "I"*, Petitioner requests a periodic stipend of payments in the amount (5) periodic payments of $50,000 commencing on 11/08/2032 payable annually; concurrently, $2,500 monthly payments to also commence

8

on 11/08/2032 guaranteed for 5 years. The plan also accounts for monthly periodic payments for life, commencing on 11/08/2037 in the amount of $4,000/month and increasing by 1.0% compounded annually and guaranteed for 30 years and life thereafter, with the last guaranteed payment on 10/08/2067. Lastly, the plan also factors four additional lump sum payments in the amounts of $100,000, $125,000, $150,000 and $211,533.78 payable on 11/08/2039, 11/08/2044, 11/08/2049 and 11/08/2054. Under this proposal, the total guaranteed payout will be $485,840. The guaranteed benefits amount to $2,656,208.57 (Sehat Decl. ¶16)

21. Attached as Exhibit "B" are proposal one through ten annuities' program that were proposed to S.V. and her guardian ad litem. Exhibit "I" is the tenth proposal elected by petitioner.

22. S.V.'s guardian *ad litem*, Petitioner Elba Cervantes, has reviewed all ten proposals and believes that "*Individually Designed Proposal No. I*" is in the best interest of S.V. and her future goals.

23. This motion does not seek and order for payments for payment of money to a special needs trust. Sehat Decl. . ¶19.

### Disclosures Pursuant To California Rule Of Court 7.951

1. This petition was prepared by attorney Cameron Sehat (California State Bar Number 256535), of the Sehat Law Firm, PLC, located at 5100 Campus Drive, Suite 200, Newport Beach, California, whose firm represents Plaintiff S.V., Noemi Bravo and Esteban Viramontes in this action. Sehat Decl. at ¶ 1.

2. Plaintiff S.V. 's attorneys at the Sehat Law Firm, PLC, did not become concerned with this matter at the instance of any party against whom the claim of said Plaintiff is asserted.

3. Plaintiff S.V. 's attorneys at the Sehat Law Firm, PLC, are not employed by any other party or any insurance carrier involved in the matter.

9

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF S.V.: DECLARATION OF CAMERON SEHAT AND ELBA CERVANTES IN SUPPORT THEREOF

4. Plaintiff S.V.'s attorneys at the Sehat Law Firm, PLC, have not to date received any compensation for their services in connection herewith from any person. Sehat Decl. at ¶ 20.

5. Plaintiff S.V.'s is the only minor in the above-referenced action. Plaintiff S.V.'s attorneys expect to receive $745,800 in attorneys' fees and $5,876 in pro-rata costs as set forth above. Plaintiff's attorneys do not expect to receive additional compensation for their services in connection herewith. Sehat Decl. at¶ 20,21.

6. Plaintiffs' attorneys, the Sehat Law Firm, PLC, accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent contingency attorney fee on any recovery Plaintiff S.V. makes on his case by way of verdict or settlement. Sehat Decl. at ¶ 20,21.

Accordingly, Petitioner Elba Cervantes, guardian *ad litem* for plaintiff S.V. , requests that this Honorable Court enter the proposed annuity and Addendum to the Application for Approval of the Compromise of a Minor's Claims prepared by Atlas Settlement Group, Inc. attached to the Sehat Decl. as "**Exhibits B and C''** for Plaintiff S.V. Specifically, Petitioner Elba Cervantes requests that the Court enter the Proposed Order filed concurrently herewith. As stated, Petitioner Elba Cervantes is Plaintiff S.V. 's guardian *ad litem*, natural mother, and legal guardian.

### III. CONCLUSION

WHEREFORE, Petitioner prays that the Court make its order approving said compromise, and for such other and further order as this Court may deem reasonable and proper in the premises.

Respectfully Submitted,

Dated: February 13, 2024                    THE SEHAT LAW FIRM, PLC

*/s/ Cameron Sehat*
Attorney for Plaintiff, S.V.

**ELBA CERVANTES, AS GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF**

**S.V.'s PETITIONER ENDORSEMENT AND VERIFICATION**

I, Elba Cervantes, guardian *ad litem* and natural mother of minor plaintiff S.V., hereby declare under penalty of perjury pursuant to the laws of the United States of America that I have reviewed the petition for compromise of claims of minor Plaintiff S.V., and the foregoing is true and correct.

The natural mother of and guardian *ad litem* for S.V.., Elba Cervantes, has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to S.V.'s claim, the parties responsible for the incident, and the nature, extent and seriousness of the minor Plaintiff's claim.

Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, the minor Plaintiff will be forever barred from seeking any further recovery of compensation even though the minor Plaintiff's injuries and loss might in the future appear to be more serious than they are now thought to be.

Petitioner is informed and believes that the minor has made some sufficient recovery from the effects of her loss so as to justify the resolution of this matter in accord with the terms of the settlement agreement.

Petitioner recommends the compromise settlement and the proposed distribution to the Court as being fair, reasonable, and in the best interest of the Minor Plaintiff, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable.

**Executed on** ___2/16/2024___ **at** ___Phelan___**, California**

**Elba Cervantes** _Elba Cervantes_
ID MQdN39kxrsroa91Uz5otSV2e

11

**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF S.V.: DECLARATION OF CAMERON SEHAT AND ELBA CERVANTES IN SUPPORT THEREOF**

## eSignature Details

**Signer ID:** **MQdN39kxrsroa91Uz5otSV2e**
Signed by: Elba Cervantes
Sent to email: Cervanteselba1@gmail.com
IP Address: 168.100.184.44
Signed at: Feb 16 2024, 10:24 am PST