# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.V., A Minor, Individually, And As Personal Representative Of The Estate Of Cristian Viramontes, By And Through Her Guardian Ad Litem, Elba Cervantes; Naomi Bravo, Individually, Esteban Viramontes, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE,<br><br>Defendant. | Case No.: 5:23-cv-00860-SSS-KKx<br><br>Honorable Sunshine S. Sykes<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR COMPROMISE OF MINOR'S CLAIM [Dkt. 77].** |

Before the Court is Plaintiff S.V.'s unopposed ex parte application for approval of the parties' proposed settlement agreement. [Dkt. 77].

A party seeking ex parte relief must show that their "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Consistent with these well-established principles, this Court's Civil Standing Orders remind counsel that "ex parte applications are solely for extraordinary relief."

In this case, because Plaintiff is a minor, this Court is obligated to review that settlement to "determine whether the net amount distributed to [Plaintiff] in the proposed settlement is fair and reasonable." *Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c); C.D. Cal. L.R. 17-1.3. The instant application seeks the Court's review and approval on an expedited, ex parte basis because Plaintiff's guardian ad litem, in consultation with an annuity broker, has chosen a plan to invest Plaintiff's portion of the settlement which has a "time-delicate interest rate which may expire if this application is heard as a regularly noticed motion." As such, Plaintiff explains that ex parte relief is necessary to avoid a potential "decrease in payment benefits to S.V."

Particularly in light of Defendant's non-opposition to Plaintiff's application for relief, the Court finds good cause and **GRANTS** Plaintiff's application. The Court therefore **ORDERS** as follows:

1. The settlement of Plaintiff S.V.'s action against the Defendants in the gross amount of $3,300,000 is hereby **APPROVED**.
2. Defendant County of Riverside, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $3,300,000 payable as follows:

     a. A draft for $2,187,176 shall be made payable to the "Sehat Law Firm, PLC, Client Trust Account". These funds shall be used to satisfy the attorneys' fees owed to the Sehat Law Firm, PLC in the amount of $1,320,000; costs in the amount of $10,400; a disbursement to Noemi Bravo in the amount of $787,840 and a disbursement to Esteban Viramontes in the amount of $68,936.

     b. Defendant County of Riverside will purchase a structured annuity for the Plaintiff S.V. in the amount of $1,112,824 from Prudential Assigned Settlement Services Corp. (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by Prudential Insurance Company of America (hereinafter referred to as "Annuity Carrier"). The total guaranteed benefits that S.V. will receive after the final payments made directly to her from the annuity is $2,656,208.57.

     c. Defendant County of Riverside will deliver the annuity premium check to Defendant's structured settlement company, Settlement Planners, Inc., to fund the annuity.

3. Annuity Carrier shall provide periodic payments in accordance with "Exhibit C" to the Declaration of Cameron Sehat and as set forth in the table below.

4. All sums and periodic payments set forth in the section entitled "Payments" constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**Periodic Certain Annual Payments to S.V. (TABLE A)**

| $50,000 payable yearly | Commencing on 11/08/2032, guaranteed for 5 years. |

**Periodic Certain Monthly Payments Payable to S.V. (TABLE B)**

| $2,500 payable monthly | Commencing on 11/08/2032, guaranteed for 5 years. |
|---|---|

**Life with Period Certain Payments Payable to S.V. (TABLE C)**

| $4,000 payable monthly increasing by 1.0% compounded annually | Commencing 11/08/2037. Guaranteed for 30 years and life thereafter. Last Guaranteed payment on 10/08/2067. |
|---|---|

**Guaranteed Lump Sum Payments Payable to S.V. (TABLE D)**

| $100,000 payable on 11/08/2039 |
|---|
| $125,000 payable on 11/08/2044 |
| $150,000 payable on 11/08/2049 |
| $211,533.78 payable on 11/08/2054 |

5. Defendant County of Riverside will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant County of Riverside's liability to make the periodic payments as described in the above tables and in "Exhibit C" to the Declaration of Cameron Sehat filed concurrently herewith. Such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge Defendant County of Riverside from such obligations hereunder as are assigned to Assignee. This includes that Defendant County of Riverside shall execute a Qualified Assignment document.

6. Defendant County of Riverside and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding

4

asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

7. Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

8. The Assignee will have the Annuity Carrier mail payments directly to the Plaintiff S.V., as set forth above. S.V. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee. Should an automatic deposit election be made, then the periodic payments will be made according to the banking information Plaintiff indicates for the funds to be automatically deposited into.

**IT IS SO ORDERED.**

Dated: February 22, 2024

_____
SUNSHINE S. SYKES
United States District Judge

5